# THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NORA G. RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:13-cv-00134 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Nora G. Rodriguez files this Original Complaint against Defendant City of Corpus Christi, and shows as follows:

### PARTIES

1. The plaintiff is Nora G. Rodriguez. She is a resident of Portland, San Patricio County, Texas.

2. The defendant is City of Corpus Christi. It is an incorporated city within Nueces County and the state of Texas. Service of process may be performed by personal service on Armando Chapa, City Secretary, 1201 Leopard Street, Corpus Christi, Texas 78401. *See* TEX. CIV. PRAC. & REM. CODE § 17.024(b).

## JURISDICTION

3.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331. This case presents a federal question.

## VENUE

4.   Pursuant to 29 U.S.C. § 1132(e)(2), venue for this suit is proper in this district and division because it is the district and division where the alleged events occurred.

## FACTS

5.    The plaintiff was employed by the defendant for about 22 years.  She was employed by the defendant in its Municipal Court department.  Her last job title was Management Assistant to the Director of the Municipal Court.   During her entire period of employment, she had no disciplinary history.  Her employment record with the defendant was impeccable.

6.    Generally, at the time of her shocking discharge, the plaintiff's job duties included overseeing payroll for municipal court employees, processing invoices for accounts payable, human resources for the municipal court, and other matters as delegated to her by the director.

7.   In October 2012, there was one or more, troubling issues at the municipal court.  One of the issues concerned whether an employee of the court and a municipal court judge treated a defendant in a manner that showed he was being treated more fairly than other

defendants with respect to a traffic citation.  This issue was raised in good faith and was a matter of public concern.  In response to this issue being raised by the director of the municipal court and the interim assistant director, respectively, the employee at issue threatened the interim assistant director with workplace violence.  The threat was made in the presence of the plaintiff in this case.

8.    After the threat was made, a written, publicly-available report was made to the defendant's human resources department.  This was an issue of public concern.  Further, the plaintiff in this case also, among other things, submitted a publicly-available report and/or written statement about the issue of workplace violence at issue to the defendant's human resources.  This was an issue of public concern.  As a result of the reports and/or statements provided, and based upon information and belief, the issue was investigated by human resources.  Further, based upon information and belief, human resources substantiated the reports and/or statements and recommended that the employee who made the threat be disciplined for her conduct.

9.    Indeed, after the human resources' investigation was complete, human resources communicated the results of its investigation to the presiding judge of the municipal courts, which included noting in writing that the plaintiff in this case provided a written statement that was highly critical of the presiding judge's assistant with respect to her conduct and workplace violence.  Based upon information and belief, the presiding judge

of the municipal court chided human resources for investigating the complaints and/or statements and recommending any discipline to the employee who made the threat.

10. Not long after the plaintiff made her public speech by providing a written statement to the defendant, and after human resources communicated the results of its investigation to the presiding judge, the plaintiff was discharged from her employment by the defendant. No reason was given.

## CAUSES OF ACTION

**Count 1-Retaliation for Exercising First Amendment Rights (42 U.S.C. § 1983)**

11. The plaintiff incorporates within Count 1 all of the allegations set forth in paragraphs 1-10, *supra*.

12. The plaintiff was employed by defendant, which is a municipality within the state of Texas. Therefore, the defendant is a local government entity, and the plaintiff is a public employee.

13. The plaintiff made a good faith report or statement to the defendant concerning what she believed to be a threat of workplace violence at the municipal court. These were matters of public concern. As a result of her participation and/or statement in making the report, the defendant terminated the employment of the plaintiff.

14. The plaintiff suffered an adverse employment action, (2) her speech involved a matter of public concern, (3) her interest in speaking outweighs employer's interest in

4

promoting efficiency in workplace, and (4) her speech motivated the defendant's adverse employment action.

15. The defendant's conduct in discharging the plaintiff from her employment caused damages to the plaintiff. By this action, the plaintiff seeks reinstatement, to recover her lost wages and benefits in the past, her lost wages and benefits in the future, her economic and non-economic damages for mental anguish, and all of her reasonable costs and attorney's fees incurred in this matter.

### PRAYER

16. For these reasons, Plaintiff Nora G. Rodriguez respectfully requests that Defendant City of Corpus Christi be cited to appear herein and answer, and that upon trial of this matter, have judgment against Defendant that includes the Plaintiff's reinstatement, and a recovery of all of her lost wages and benefits in the past, her lost wages and benefits in the future, her economic and non-economic damages, all of her reasonable costs and attorney's fees incurred in this matter, pre-judgment interest, post-judgment interest, and for such other relief, at law or in equity, to which Plaintiff may be justly entitled.

                                Respectfully submitted,

                                s/Jon D. Brooks
                                Jon D. Brooks
                                Attorney-in-Charge

Southern District ID No. 24936
Texas Bar No. 24004563
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
jbrooks@brooksllp.com (e-mail)

**Attorney for Plaintiff Nora G. Rodriguez**

B R O O K S L L P
Attorneys and Counselors at Law
400 Mann Street, Suite 1001
Corpus Christi, Texas 78401
361.885.7710 (telephone)
361.885.7716 (facsimile)
www.brooksllp.com (web