# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NORA G. RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 2:13-cv-00134 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## Declaration of Jon D. Brooks

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF NUECES | § |

     1.    My name is Jon D. Brooks. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct;

     2.    I am an attorney licensed by the State of Texas, the United States District Court for the Southern District of Texas, the United States Court of Appeals for the Fifth Circuit, and the Supreme Court of the United States;

     3.    Following graduation from law school, I was employed as a law clerk for the Honorable Robert S. Barney, Missouri Court of Appeals-Southern District, from 1996 to 1998. I drafted many opinions for Judge Barney and the court. I was then employed as a staff attorney for the Fourteenth District Court of Appeals in Houston, Texas, from 1998 to 2000. I drafted many opinions in the most complex civil cases for each of the 9 judges on the court and several visiting judges. Of all the 100s of cases I worked on, only one was ever reversed. From 2000 to 2002, I worked for Ryan & Sudan L.L.P. in Houston, Texas, defending clients in complex securities litigation cases, mostly in federal court. I was then employed by Royston, Rayzor, Vickery & Williams, L.L.P., handling the defense of commercial litigation claims and maritime litigation claims in state and federal court, both in appellate courts and state courts. I have maintained my own firm since February 2005. My firm handles civil appeals and civil trial work, almost exclusively in labor and employment matters;

4. The following are some, but not all, of the cases I handled on appeal: *LCS Corrections Service Inc. v. Chavera*, 2013 WL 1384884 (Tex.App.-Corpus Christi April 4, 2013, no pet.) (successfully defended $90,000 judgment on appeal in employment case); *Sutherland, et al. v. Spencer*, 376 S.W.3d 752 (Tex. 2012) (obtained reversal of 6-figure default judgment against multiple parties); *Gutierrez v. Flores,* 509 F.3d 704 (5th Cir. 2008) (obtained reversal and remand of order denying a motion to remand); *Winship Const., Inc. v. City of Portland,* 2008 WL 3867849 (Tex.App.-Corpus Christi August 21, 2008) (obtained a reversal and remand of a a summary judgment in a multi-million-dollar construction case); *I. E. Miller-Fowler Trucking Co. v. B-C Equipment Sales, Inc.,* 2008 WL 2292636 (Tex.App.-Corpus Christi June 5, 2008, no pet. h.) (protected $250,000 judgment obtained in trial court); *Price v. Rosiek Const. Co.*, 509 F.3d 704 (5th Cir. 2007) (employment case); *In re Burlington Coat Factory Warehouse,* 167 S.W.3d 827 (Tex. 2005) (obtained ruling granting petition for writ of mandamus); *Freedom Newspapers of Texas v. Cantu*, 168 S.W.2d 847 (Tex. 2005) (defamation case); *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386 (Tex. 2005) (employment case-obtained a reversal and rendered judgment overturning a $1.5 million judgment); *Haggar Apparel Co. v. Leal*, 154 S.W.3d 98 (Tex. 2005) (employment case-obtained a reversal and rendered judgment overturning a $300,000 judgment); *Villareal v. Grant Geophysical, Inc.*, 136 S.W.3d 265 (Tex.App.-San Antonio 2004, pet. denied); *ABB Kraftwerke Aktienngesellschaft v. Brownsville Barge & Crane, Inc.*, 115 S.W.3d 287 (Tex.App.-Corpus Christi 2003, pet. denied);

5. I have handled many employment cases in this Court (Southern District of Texas-Corpus Christi Division) and in the Fifth Circuit Court of Appeals. This suit was brought by the plaintiff against the defendant to recover damages for alleged unlawful relation under Section 1983, concerning First Amendment retaliation in the employment context.

6. The Fifth Circuit employs the lodestar method for determining the reasonableness of attorney's fees in FLSA collective actions, *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir.1999), which is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id.* The fees being charged in this case are that customarily charged for the same or similar services for an attorney with my experience, reputation, and ability, considering the controversy, the time limitations imposed, and the results obtained. *See Collins v. Sanderson Farms, Inc.* 568 F.Supp.2d 714, 729 n.19 (E.D. La. 2008) (FLSA overtime case-hourly rate for plaintiffs' attorneys was $350). The attorney services and fees charged in this case were necessary, were reasonable, and were incurred in the prosecution of this suit;

7. I know that I spent more than 300 hours in handling this suit from beginning to end, in a total of nearly 3 years, to date, which includes the initial investigation of the plaintiff's claims, reviewing documents, and interviewing the plaintiff and other fact witnesses. This time also includes work drafting and filing the complaint, reviewing responsive pleadings, preparing and filing the Rule 26 report, preparing and propounding discovery to the defendant, reviewing the answers to such discovery (which included 100s of produced documents), responding to the defendant's written discovery, scheduling the plaintiff's deposition and preparing for the

plaintiff's deposition, depositions of others, drafting and filing responses to various motions to dismiss and/or for summary judgment, preparing for and attending two mediations, drafting and filing the Joint Pretrial Order (at least 3 versions), drafting and filing proposed jury charge and instructions, preparing and filing an exhibit list, preparing and filing a witness list, attending final pretrial conference, time spent memorizing all exhibits, the facts and the law, preparing for trial, preparing witnesses for trial, and trying the case to a jury on October 19, 2015, and October 20, 2015, respectively. However, in recreating time sheets in this matter, I can fairly and easily document 230.75 hours. Attached to this declaration, identified as Exhibit A-1, and adopted and incorporated by reference is time sheets showing the time in this case. It is not possible for me to accurately document every hour spent handling this matter from beginning to end. This case was handled on a contingency fee basis. Therefore, regular time sheets are not maintained. They had to be recreated. In recreating the time sheets, it is possible to only document the highlights. Here, that process results in 230.75 hours, which is fewer than I know I spent on this case, and is likely only a fraction of the time that was billed to the defendant in this case.

9. It was necessary for the plaintiff to retain an attorney to represent him in this matter. There is a written, contingency contract of employment between the plaintiff and his attorney. The retention of me on this case precluded me from accepting other employment. The relative novelty and difficulty of the questions involved in this case required me to spend a minimum of 230.75 hours during the litigation, prosecuting this case through trial. The federal courts in Texas have approved hourly rates in excess of $500 per hour in employment cases. *See Miller v. Raytheon Company*, 716 F.3d 138, 149 (5th Cir. 2013) (very recent employment case from 5th Circuit approving hourly rates for plaintiff's attorney at $577.50 and $542.50, respectively). Therefore, my reasonable hourly rate in this case is $450, which is fair, reasonable and in an amount customarily charged by attorneys with my level of experience in these kind of cases in and around Nueces County, Texas and in the state of Texas in employment cases. Based on the number of hours spent by me in this case (230.75), the total fees are $103,837.50;

10. If the defendant appeals the jury verdict to the Fifth Circuit Court of Appeals, I believe it would be necessary for me to expend another 71 hours to review the defendant's brief, the clerk's record, the reporter's record, perform the necessary research and draft and file the brief, and attend an oral hearing, if any, at the Fifth Circuit Court of Appeals. My reasonable hourly rate in this case is $450, which is fair, reasonable and in an amount customarily charged by attorneys with my level of experience in these kind of cases in and around Nueces County, Texas. and is an hourly rate approved for me in this Court many times in other employment cases. Based on the number of hours spent by me in this case (71), the total, additional fees on appeal would be $31,950;

11. I declare under the penalty of perjury that the above and foregoing is true and correct.

Joe D. Brooks

3